Eisenhauer vs. Brosnan.

## No. 11,017.

### EDWARD EISENHAUER VS. DANIEL M. BROSNAN.

1. As the law declares that it shall be sufficient that the registering in the conveyance office in the city of New Orleans of a notarial act of sale there executed be made upon a certificate presented from the notary executing it containing certain requisities in the way of detail and description; and, as it further declares, that the register's certificate of inscription made conformably to the foregoing requirements shall be received by courts of justice in evidence, in the same manner as other public acts—such certificates must be considered and treated as furnishing evidence of equal dignity as that furnished by the authentic act from which the data of which it is composed is taken.

2. A voluntary sale at public auction need not be preceded by an advertisement, as same is optional with the owner. It being necessary, only, that the public officer crying the sale should make proclamation of the terms of sale, at the time of offering, it is to that proclamation that bidders must look at their peril.

APPEAL from the Civil District Court for the Parish of Orleans. Monroe, J.

Henry P. Dart for Plaintiff and Appellee:

1. Where proof is made that an original notarial act containing a transfer of immovable property has been mutilated, and a portion of it lost or destroyed, the contemporary registry in the register of conveyances is admissible to prove the contents of said act, and that it was properly registered, and to prove thereby the sale of the immovable.

2. One who has a notarial title perfect in form, but whose vendor's notarial title is mutilated and a portion of it lost or destroyed, may shield himself behind the prescription of ten years, and compel a purchaser to accept his title by showing that his own title on its face is perfect in form; that he paid a fair consideration, in good faith and after an examination of title; that he dealt with a person whom he believed to be owner, and has remained in undisturbed possession of said property for more than ten years. Pattison vs. Malony, 38 An. 885.

Gus. A. Breaux for Defendant and Appellant:

1. A copy of recordation of act is not admissible in evidence until the existence and loss or destruction of the original act is proven, and that a certified copy is not obtainable, as it is not the best evidence. C. C. 2268, 2270; Mercier vs. Hadnau, 39 An. 94.

2. No title to real estate not to be found in a notarial record is good and sufficient title to offer to a bidder at public sale. C. C. 2440; Gassen vs. Palfrey, 9 An. 560; Roberts vs. Bauer, 35 An. 453; Bachino vs. Corte, 35 An. 572; Patison vs. Molony, 38 An. 886; shown not to be applicable.

3. Any change in the advertisement at the last moment vitiates the bid. Nothing that the auctioneer may say, varying the advertisement, can avail either vendor or bidder. As a fact, the bidder was not aware of any change, and his good faith was surprised. Bodin vs. McCorkle, 11 An. 46; Porée vs. Boneval, 6 An. 386.

The opinion of the court was delivered by

WATKINS. J. This action is petitory in character, and has for object to compel defendant's compliance with his bid for the two-story frame residence, designated by the municipal numbers 246 and 248 Eighth street, between Prytania and Coliseum streets, city of New Orleans, and which was adjudicated to him at public auction on the 4th of April, 1891, for the price and sum of $4675; and his acceptance of the title tendered him.

The defendant states in his answer two reasons for declining to accept title: first, that there is a fatal defect in the title of plaintiff's vendor, Charles De Bonchel; second, that previous to the adjudication, plaintiff had caused the sale of the property to be advertised, and on the sale-day so altered and changed the advertisement as to deceive and mislead him in an important particular, and upon the faith of which he acted in making his offer.

## I.

It appears that plaintiff purchased the property in question from Charles De Bonchel on the 26th of May, 1879, and that his purchase is evidenced by a notarial act in due form, containing a stipulation of full warranty. The act describes the property fully, and it was duly recorded. It contains a recital to the effect that plaintiff's vendor, Charles De Bonchel, acquired title from O. De Bonchel and others, giving date of purchase and other particulars.

It is to this title that the defendant makes objection.

The fact is, that Charles De Bonchel did purchase certain property from O. De Bonchel and others on the 4th of December, 1878, title executed before A. E. Bienvenue, notary public, though the original act does not, as it at present exists, contain a description of the two lots in question.

The proof discloses the death of the notary who executed the act, and the transfer of his notarial records to the keeping of the Custodian of Notarial Records of the parish of Orleans. It also shows that the act has, by some means, become mutilated, and parts thereof completely eliminated, and the conveyance certificate thereto attached has its end torn off.

In order to supply this ellipsis plaintiff's counsel introduced and caused to be filed in evidence, over the objections of defendant's counsel, a certificate from the register of conveyances, of date No-

vember 5, 1891, purporting to furnish correct, exact and contemporaneous data from the conveyance records, fully confirming the conveyance of said property by the mutilated deed.

Viewing this certificate as secondary evidence we are clearly of the opinion that it was admissible under the principles of the code, which are to the effect that " when an instrument in writing, containing obligations which a party wishes to enforce, has been lost or destroyed by accident or force, evidence may be given of its contents provided the party show the loss, either by direct testimony or by such circumstances  *  *  *  as render such loss probable," etc.   R. C. C. 2279; Lam vs. Cameron, 37 An. 250.

It is only the *lost* instrument that needs advertisement previous to the introduction of proof of loss.   R. C. C. 2280.

Previous advertisement could have been of no possible avail, as the deed in question had been partially destroyed and its mutilated remains were in evidence, and physically present in court.

The rule of law applicable to notarial titles, passed in New Orleans, is that they must be recorded in the [book of conveyances. R. C. C. 2255.

And it is the duty of the register of conveyances to preserve such records and " to deliver certificates of inscription " to any one who may require same.   R. C. C. 2257.

The law declares that " it shall be sufficient that the registering of the act be made on a certificate being presented from the notary who shall have passed the act containing (1) the date of the act and the place where it was passed; (2) the names of the  *  *  * parties; (3) a description of the immovable sold, etc.;  *  *  * and (4) the price of the transfer," etc.   R. C. C. 2259.

To the *register's certificate of inscription*, made conformably to the foregoing provisions of law, is given the force and effect of primary proof, for the code declares that—

" Such certificates, when signed by the register and sealed with the seal of office  *  * *shall be received by courts of justice in evidence in the same manner as other public acts.*"   R. C. C. 2257.

That provision of law has been fully complied with in this instance, and the proper certificate furnished.   It clearly shows that the property in controversy was conveyed, and the certificate furnishes 'ull and complete proof, thus supplying " the missing link " in the Bienvenue notarial title.

Accepting this theory plaintiff's title is complete without the aid of ten years' prescription.

## II.

The sale was one made at auction, the plaintiff, as owner, voluntarily offering the property in this manner. R. C. C. 2602.

Previous advertisement of this kind of auction sale is not of its essence, same being purely optional with the owner, and for his advantage and convenience merely. It must be made through the ministry of a public officer appointed for the purpose. Id. 2605.

It is his duty to make public proclamation of the terms of the sale at time of offering, and " in a loud and audible voice." Id. 2606.

The property must be knocked down to the highest bidder, " who is publicly declared to be the purchaser, and the thing sold is adjudicated to him." Id. 2607.

" The adjudication is the completion of the sale," etc. Id. 2608.

From these precepts it appears to be clear that no special significance can attach to the specifications of an advertisement of such a sale, as it is to the *terms of sale announced at the offering* that bidders must look. In such case the advertisement is merely to attract the attention of the public, and invite bidders to the sale. It is quite impossible to conceive in what manner the mere fact that the buildings were temporarily leased could affect the title tendered to the defendant, particularly in view of the further fact that the judgment appealed from reduces the amount of his bid by the exact amount of the rent.

The judgment is correct and affirmed.